# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CASE NO. 1:06-CV-00718-AWI-LJO-P |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| CCI CUSTODY, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 8, 2006, and neither paid the filing fee in full nor filed an application to proceed in forma pauperis. On June 13, 2006, plaintiff was ordered to file an application to proceed in forma pauperis or pay the $350.00 filing fee in full within thirty days. On June 26, 2006, plaintiff sought an extension of time to comply with the Court's order. The Court has not ruled on plaintiff's pending motion and plaintiff has not submitted the filing fee in full or filed a completed application to proceed in forma pauperis in the interim.

In reviewing plaintiff's complaint, the Court notes that plaintiff alleges the grievance process is not complete because his appeal is still being processed. (Doc. 1, pg. 3.) Indeed, the signature page of plaintiff's complaint bears the date June 1, 2006, and the events giving rise to the claim in this action occurred from May 16, 2006, to the time of the filing of this action, making it extremely unlikely plaintiff could have exhausted prior to filing suit.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1

1  confined in any jail, prison, or other correctional facility until such administrative remedies as are
2  available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement
3  applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).
4  Prisoners must complete the prison's administrative process, regardless of the relief sought by the
5  prisoner and regardless of the relief offered by the process, as long as the administrative process can
6  provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).
7  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.
8  2002).

9  Because is it clear from the face of plaintiff's complaint that he did not exhaust the available
10 administrative remedies prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a);
11 Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion
12 is a valid grounds for dismissal . . . .").  Accordingly, this action is HEREBY ORDERED
13 DISMISSED, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a)
14 by exhausting the available administrative remedies prior to filing suit.

16 IT IS SO ORDERED.

17 **Dated:   October 3, 2006**                      **/s/ Anthony W. Ishii**
   0m8i78                                         UNITED STATES DISTRICT JUDGE